*1201 OPINION.
Siefkin:
The issues in this proceeding are:
(1) Whether the respondent erred in disallowing as deductions from gross income for the year 1919, items aggregating $1,796.41 claimed as bad debts ascertained to be worthless and charged off in 1919;
(2) Whether the respondent erred in disallowing deductions from gross income for the year 1920, items aggregating $153.27, representing advances on behalf of clients and items aggregating $617.00 representing personal loans made between 1917 and 1920, claimed as bad debts ascertained to be worthless and charged off during 1920; and
(3) Whether the respondent erred (a) in disallowing a deduction from gross income for 1921 of $7,000 claimed as a loss upon the sale in 1921 of a commercial law practice, and/or (b) in including in the petitioner’s income the entire consideration of $2,900 received by him under the terms of said sale.
(1) Section 214 (a) (7) of the Revenue Act of 1918 provides:
That in computing net income there shall be allowed as deductions:
* * * ⅜ * * *
(7) Debts ascertained to be worthless and charged off within the year.
In Masajiro Furuya, 4 B. T. A. 357, we held that the fact that debts were charged off in a particular year raises no presumption that they were ascertained to the worthless in the same year.
In Alemite Die Casting & Mfg. Co., 1 B. T. A. 548, we stated:
Section 234 (a) (5) of the'Revenue Act of 1918 contemplates that before a taxpayer can charge a debt off and deduct it from gross income it must be determined to be worthless. That determination must be based upon facts. We are of the opinion that the evidence is not sufficient to establish worthlessness. The debts appear to have been charged off because a lawyer thought that collection thereof was doubtful, but the facts to justify such opinion are not before us.
In Simon Kohn, 8 B. T. A. 547, we held that where nothing occurred during 1921 to indicate that a debt was more uncollectible in *1202 that year than in previous years, no deduction may be had for the year 1921, although the debt was charged off in that year.
In Higginbotham-Bailey-Logan Co., 8 B. T. A. 566, we stated at page 578:
The burden then is upon the petitioner to establish that it did make certain during the taxable year that the debts claimed as deductions were without value. We take it for granted that when Congress authorizes this Board to decide the issues arising between a taxpayer and the Commissioner in such a case as this, such taxpayer has not established the correctness of his contention by his bald statement that he believed it to be worthless, or that he ascertained it to be worthless or that, on undisclosed information he came to the conclusion that it was worthless. To so hold would be to put the Government in the hands of the taxpayer and substitute his judgment as to the conclusion to be drawn from the facts for that of the body created to decide the issue.
Nor is it a question whether the taxpayer believed the debt to be worthless. To so hold would be to grant an undue advantage to the pessimist or to the taxpayer who made no investigation. In our opinion the burden upon the petitioner is to show what steps he took to collect the debt, what information came to his knowledge and what other circumstances existed which led him to his conclusion. It then becomes the duty of the Board to determine whether the debt was in fact ascertained to be worthless within the meaning of the law. Appeal of Alemite Die Casting & Manufacturing Co., 1 B. T. A. 548.
In the instant proceeding the petitioner testified as to eleven of the items claimed as worthless debts, but no evidence was submitted to show when the debts were ascertained to be worthless, nor were the facts upon which such ascertainment was based presented in each case. Most of the debts were outstanding as of March 1, 1913, and it is not shown that they were more uncollectible in 1919 than in prior years.
We must uphold the action of the respondent in disallowing the deduction for bad debts for the year 1919.
(2) The petitioner claims as a deduction on account of bad debts for the year 1920, the amount of $153.27, representing advances made on behalf of clients during the years 1917 to 1920. The petitioner Testified that they were charged off in 1920 because he was convinced that there was no chance of collecting them and that they were not large enough to warrant the bringing of suits for collection.
In Valdosta Grocery Co., 2 B. T. A. 727, we stated:
The question for us is whether iu fact the debts were ascertained to be worthless in the year claimed. Presumably the taxpayer thought they were or it would not have charged them off; but the mere repetition of the taxpayer’s opinion does not prove that the charge-off was well founded.
See also Alemite Die Casting & Manufacturing Co., supra. We must hold that no deduction is allowable for this item.
*1203 Likewise, with regard to personal loans totaling $617 which the petitioner made in the years 1917 to 1920, the petitioner failed to show that the debts were ascertained to be worthless in the year 1920. With regard to one of the debts, the petitioner testified that he learned about 2 months after the loan was made that the debtor had, either a month before or a month after the loan was made, filed a petition in bankruptcy. Clearly, in this case, since the loan was made in December, 1920, the debt was not ascertained to be worthless in 3920.
No deduction is allowable for this item.
(3) The petitioner claims as a loss upon the sale of his business in 1921, the amount of $7,100. This is based upon his estimate that the March 1, 1913, value of his business was $10,000.
Section 202 (a) and (b) of the Revenue Act of 1921 provides:
That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28,1913, shall be the cost of such property; except that—
* * * * * * ⅜
(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—
(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;
(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and
(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.
The petitioner has offered no evidence as to the cost of the business, nor is there any satisfactory evidence as to the March 1, 1913, value thereof. The evidence introduced as tending to show a March 1, 1913, value consists of earnings prior to that date, meager in amount and uncertain as to source, i. e., to what extent the personality of the petitioner entered into such earnings. No basis for the determination of gain derived or loss sustained upon the sale having been shown, the disallowance of a loss by the respondent is approved. See John R. McCoy, 4 B. T. A. 1058. The March 1, 1913, value of the business not being shown, the inclusion by the respondent of the entire amount of the sales price in income for 1921 is approved.

Judgment will he entered for the respondent.